IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN W. McGASKEY, Jr., #08857-025, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 16-cv-00126-JPG ) |
| FAYETTE COUNTY JAIL and DEPUTY THEIL, | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff John McGaskey, Jr. is currently incarcerated at the United States Penitentiary located in Marion, Illinois ("USP-Marion"). He brings this action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) ("*Bivens*") for violations of his constitutional rights at Fayette County Jail ("Jail"). (Doc. 1 at 5). Plaintiff claims that Deputy Theil shot him with a taser gun, causing serious injuries, after Plaintiff was attacked by another inmate at the Jail on October 31st.[1] (*Id*.). Plaintiff now sues the Jail and Deputy Theil for monetary damages. (*Id*. at 6).

This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is

---

[1] The year of this incident is not disclosed in the complaint.

immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## The Complaint

According to his complaint, Plaintiff was preparing for bed at 11:30 p.m. on October 31st, when another inmate at Fayette County Jail entered his cell and threatened to harm him. (Doc. 1 at 5). Deputy Theil witnessed the incident, but left the area to request assistance instead of intervening. While the deputy was gone, the inmate attacked Plaintiff, who "defend[ed] [him]self and kept the inmate at bay." (*Id*.). By the time Deputy Theil returned, the "altercation" was over. (*Id*.).

Even so, Deputy Theil used a taser gun to shoot Plaintiff in the face "at point blank range, knocking [him] unconscious." (*Id*.). At the time, the deputy stood on the opposite side of the bars from Plaintiff and his attacker. Deputy Theil gave no warning prior to shooting. Plaintiff was rushed to the emergency room at Vandalia Hospital with serious injuries. He underwent surgery to repair a chipped skull bone and nerve damage. Plaintiff's doctor said that "he [had] never seen anything like this" and warned Plaintiff that he was at risk of losing an eye from infection. (*Id*.). In connection with this incident Plaintiff now sues the Jail and Deputy Theil. He seeks monetary relief. (*Id*. at 6).

## Merits Review Under 28 U.S.C. § 1915A

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* complaint into the following three (3) counts:

**Count 1:** Defendants used excessive force against Plaintiff on October 31st, in violation of his constitutional rights.

>   **Count 2:**     **Defendants failed to protect Plaintiff from the inmate attack that occurred on October 31st, in violation of his constitutional rights.**
>
>   **Count 3:**     **Defendants provided Plaintiff with inadequate medical care, in response to the incident that occurred on October 31st, in violation of his constitutional rights.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

## Discussion

The Court will allow the excessive force (**Count 1**) and failure to protect (**Count 2**) claims to proceed against Deputy Theil.  However, the inadequate medical care (**Count 3**) claim shall be dismissed without prejudice against this defendant.  Further, all three claims shall be dismissed with prejudice against the Jail.

At the outset, the Court questions whether these claims should have been brought pursuant to *Bivens* or 42 U.S.C. § 1983.  *Bivens* provides for a private cause of action for damages to proceed against *federal* actors for constitutional torts.  *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (citing *Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 66 (2001)).  A *Bivens* action is the federal corollary to a § 1983 action, which allows constitutional torts against *state* actors to proceed in federal court.

Plaintiff brought this action pursuant to *Bivens*, presumably because of his status as a federal prisoner on the date he filed the action.  However, he is suing a local county jail and one of its employees.  Such claims are typically brought against local officials pursuant to § 1983 and not *Bivens*, even when raised by federal prisoners.  *See, e.g., Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013) (contract between the Federal Bureau of Prisons and a county

jail does not automatically transform a state actor into a federal actor). At this stage, the Court lacks sufficient information to determine whether Plaintiff's claims arise under *Bivens* or § 1983. For screening purposes, the distinction makes little difference. Courts often rely on case law addressing claims in both contexts when analyzing the kinds of claims that Plaintiff now puts forth in his complaint.

The Court also questions whether Plaintiff was an arrestee, pretrial detainee, or prisoner during the events giving rise to this action. The applicable legal standard for his claims depends upon his status. For example, the Due Process Clause[2] provides the source of constitutional protection for pretrial detainees who are subjected to the unauthorized use of force, inadequate protection, or inadequate medical care. *See, e.g., Kingsley v. Hendrickson*, -- U.S. --, 135 S. Ct. 2466, 192 L. Ed. 2d 416 (June 22, 2015) (excessive force claim); *Burton v. Downey*, 805 F.3d 776, 784 (7th Cir. 2015) (inadequate medical care claim); *Brown v. Budz*, 398 F.3d 904, 909, 913 (7th Cir. 2005) (failure to protect claim). The Eighth Amendment provides the source of protection for convicted prisoners. *Id.* As a general rule, the protections afforded to pretrial detainees under the Fourteenth Amendment are *at least as great* as the Eighth Amendment protections available to a convicted prisoner. *See Washington v. LaPorte Cnty. Sheriff's Dept.*, 306 F.3d 515, 517 (7th Cir. 2002). In the instant case, the complaint supports viable excessive force and failure to protect claims against Deputy Theil under the Eighth Amendment standard,[3] but supports no claim for inadequate medical care under any standard. For this reason, Plaintiff's status as an arrestee, detainee, or prisoner is an issue that this Court will save for another day and a more complete factual record.

---

[2] The Fifth Amendment Due Process Clause applies to federal prisoners, while the Fourteenth Amendment Due Process Clause applies to state prisoners.

[3] Therefore, the standard would also be satisfied if Plaintiff was an arrestee or a detainee during the incident.

**Count 1 – Excessive Force**

With regard to the excessive force claim (**Count 1**), it has long been recognized that the "core requirement" of the claim under the Eighth Amendment is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). *See also Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). But "not every 'malevolent touch' by a security officer implicates the Constitution." *Lewis v. Downey*, 581 F.3d 467 (7th Cir. 2009) (citing *Hudson*, 503 U.S. at 9). The use of *de minimus* force, for example, is not prohibited under the Eighth Amendment. *Id.* at 9-10. However, the use of a taser gun against a prisoner is considered more than a *de minimus* application of force. *Lewis*, 581 F.3d at 476 (citing *Hickey v. Reeder*, 12 F.3d 754, 757 (8th Cir. 1993) ("[A] stun gun inflicts a painful and frightening blow [that] temporarily paralyzes the large muscles of the body, rendering the victim helpless."); *Matta-Ballesteros v. Henman*, 896 F.2d 255, 256 n. 2 (7th Cir. 1990) (noting that a taser "sends an electric pulse through the body of the victim causing immobilization, disorientation, loss of balance, and weakness")). Factors that guide the Court's analysis of whether an officer's use of excessive force was legitimate or malicious are the need for an application of force, the amount of force used, the threat an officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury suffered by the prisoner. *Hudson*, 503 U.S. at 7; *Hendrickson*, 589 F.3d at 890; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004). The allegations in the complaint suggest that there was no need for the application of force against Plaintiff at all. Plaintiff claims that the "altercation" was over by the time Deputy Theil

returned to his cell. Even so, the deputy shot him in the face with a taser gun. Given these allegations, the Court cannot dismiss **Count 1** against Deputy Theil.

## Count 2 – Failure to Protect

Likewise, the Court will allow Plaintiff to proceed with his failure to protect claim (**Count 2**) against this defendant. To state a failure to protect claim under the Eighth Amendment, a prisoner must allege facts from which a court could conclude that he faces a substantial risk of serious harm and that the defendant knew of and disregarded the risk. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). A generalized risk of violence is not enough. *Brown v. Budz*, 398 F.3d at 909, 913; *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004).

In the complaint, Plaintiff describes a tangible threat to his safety. He alleges that another inmate entered his cell and threatened to harm him. Deputy Theil allegedly observed the incident. Taking no steps to intervene, the deputy instead left the area and did not return until the two were done fighting. Construing these allegations in favor of Plaintiff, the Court also cannot dismiss **Count 2** against Deputy Theil.

## Count 3 – Inadequate Medical Care

However, the complaint supports no claim for the denial of adequate medical care (**Count 3**) against Deputy Theil.[4] The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment

---

[4] The Due Process Clause of the Fourteenth Amendment governs inadequate medical care claims brought by pretrial detainees. *See Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). The Eighth Amendment governs claims for inmates. *Id*. Despite these distinctions, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n. 2 (7th Cir. 1999)).

under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer*, 511 U.S. at 837; *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, "[t]he plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard." *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

A serious medical need is one that is obvious to a lay person or one that has been diagnosed by a physician as requiring treatment. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The Court does not question the seriousness of Plaintiff's injuries. Both his skull fracture and nerve damage were allegedly diagnosed by a physician as requiring surgery. These injuries are considered serious.

However, Plaintiff does not allege that Deputy Theil, or anyone else, responded to this condition with deliberate indifference. Deliberate indifference "requires more than negligence, rather the defendant 'must meet essentially a criminal recklessness standard, that is, ignoring a known risk.'" *Armato v. Grounds*, 766 F.3d 713, 721 (7th Cir. 2014) (citing *McGee v. Adams*, 721 F.3d 474, 480-81 (7th Cir. 2013)). This is where the claim falls short. No allegations suggest that Deputy Theil ignored Plaintiff's injuries or delayed treatment for them. On the contrary, Plaintiff alleges that he was immediately taken for emergency treatment, including surgery, at a nearby hospital. He complains of no lingering or unresolved medical issues. **Count 3** shall therefore be dismissed without prejudice against Deputy Theil.

### Dismissal of Fayette County Jail

Plaintiff cannot proceed with any of his claims against the Jail. This defendant is not mentioned at all in the statement of claim. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir.

1998).  The claims against the Jail are subject to dismissal on this ground alone.

However, there are other reasons for dismissing this defendant.  The claims against the Jail appear to hinge on the doctrine of *respondeat superior*, or supervisory liability.  This doctrine is not recognized under *Bivens* or § 1983.  *See Courtney v. Devore*, 595 Fed. Appx. 618, 620 (7th Cir. 2014) (citing *Alejo v. Heller,* 328 F.3d 930, 936 (7th Cir. 2003) (commenting that § 1983 defendant must have personally participated in constitutional deprivation); *Iqbal*, 556 U.S. at 677-78.  Both require allegations of personal involvement in a constitutional deprivation.  *Id*.  Governmental entities, such as the Jail, cannot be held liable for the unconstitutional acts of employees, unless those acts are carried out pursuant to an official policy or custom.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  The complaint does not allege that the Jail caused a constitutional deprivation, or participated in one, through the adoption or implementation of a policy, custom, or practice of any kind.  Accordingly, Plaintiff cannot proceed with any claims against this defendant, and Counts 1, 2, and 3 shall be dismissed against the Jail with prejudice.

### Pending Motion

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) shall be addressed in a separate Order of this Court.

### Disposition

**IT IS HEREBY ORDERED** that **COUNTS 1, 2,** and **3** are **DISMISSED with prejudice** against Defendant **FAYETTE COUNTY JAIL** because the complaint states no claim against this defendant upon which relief may be granted.

**IT IS FURTHER ORDERED** that **COUNT 3** is **DISMISSED without prejudice** against Defendant **THEIL** for failure to state a claim upon which relief may be granted.

**IT IS ALSO ORDERED** that as to **COUNTS 1** and **2,** the Clerk of Court shall prepare for Defendant **THEIL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a

**United States Magistrate Judge** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 1, 2016**

                                                                            *s/J. Phil Gilbert*
                                                                            **U.S. District Judge**